**UNITED STATES of America,
Appellee,**

v.

**Louis FASANARO, Defendant-Appellant.**

**No. 165, Docket 71-2077.**

United States Court of Appeals,
Second Circuit.

Submitted Nov. 27, 1972.

Decided Jan. 2, 1973.

Abraham Solomon, New York City, for defendant-appellant.

Whitney North Seymour, Jr., U. S. Atty. for Southern District of New York, Carter LaPrade and Rudolph W. Giuliani, Asst. U. S. Attys., for appellee.

Before FEINBERG and TIMBERS, Circuit Judges, and THOMSEN, District Judge.*

PER CURIAM:

On February 17, 1972, 456 F.2d 1336, we affirmed without opinion the judgment of conviction entered against appellant in the United States District Court for the Southern District of New York, Inzer B. Wyatt, J., for violation of 18 U.S.C. §§ 659 and 2. On June 26, 1972, the Supreme Court, 408 U.S. 916, 92 S. Ct. 2505, 33 L.Ed.2d 329 granted Fasanaro's petition for a writ of certiorari, vacated the judgment, and remanded the case to us for reconsideration in light of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), decided four days before. We have carefully considered the four factors enumerated by the Court in *Barker,* in light of which a defendant's claim that his sixth amendment right to a speedy trial was denied is to be evaluated. After reviewing the facts of this case, we again conclude that no denial of that right appears on this record. Accordingly, we again affirm the judgment.

The four factors identified in *Barker* are "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." 407 U.S. at 530, 92 S.Ct. at 2192. Applying these factors here, we note that the delay between indictment and trial —over four years between April 1967 and August 1971—was clearly substantial. On the other hand, the reason for the delay—inability to locate the chief prosecution witness—is mentioned in *Barker* as one which justifies some delay. 407 U.S. at 531, 92 S.Ct. 2182, 33 L.Ed.2d 101. Moreover, Fasanaro failed to assert his claimed right until one

* Of the District of Maryland, sitting by designation.

month after trial was finally scheduled, although represented by counsel throughout. We are thus left with the impression that he, like Willie Mae Barker, never wanted a speedy trial at all since he might reasonably have hoped that the principal government witness would never be found. Finally, we are unpersuaded by any claim of prejudice. While Fasanaro's counsel stated at the sentencing before Judge Wyatt that one possible defense witness had died during the delay, the assertion was not substantiated; no colorable claim of prejudice had been made prior to that time, nor does any appear in appellant's brief filed with us following Supreme Court remand.

Affirmed.